IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE: 1:11cv158-RJC

| | |
|---|---|
| JACQUES CRAIG FLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| A. HERGENROTHER, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

**I. FACTUAL AND PROCEDURAL HISTORY**

Plaintiff was convicted of Robbery with a Dangerous Weapon on October 27, 2010. N. C. Dept. of Correction Offender Public Information, http://webapps6.doc.state.nc.us/opi/ viewoffender.do?method=view&offenderID=0760158 (last visited April 13, 2011)[1]. He was incarcerated at Marion Correctional Institution (hereinafter "MCI"). (Id.) Plaintiff claims that while incarcerated at MCI, Defendants deprived him of his First Amendment Right to receive mail by rejecting a package from his mother containing manuscripts for a book that he had written. (Doc. No. 1). Plaintiff also asserts that he was forced to pay for the package to be mailed back to his mother so that prison officials would not destroy it.[2]

---

[1] The Court may take judicial notice of matters of public record. Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir.2009) (citations omitted).

[2] Plaintiff subsequently was transferred to Bertie Correctional Institution, and his mother mailed the package to him there. According to Plaintiff, his mother mailed to him what she had received back from MCI. Bertie officials approved delivery of the package. Plaintiff asserts that

## II. LEGAL STANDARD

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. The Court has conducted an initial review of Plaintiff's Complaint and has determined that all Defendants expect A. Hergenrother and Duane Terrell should be dismissed..

## III. DISCUSSION

The claims against Defendants Brookshire, Faircloth, and Corpening are dismissed because Plaintiff has not identified any constitutional or statutory violation on their parts. He merely has alleged that each passed the package in question up the chain of command for review by a superior. His Complaint makes clear, however, that Defendant Terrell made the decision to reject delivery of the package.

The claim against Defendant Lewis likewise is dismissed. Plaintiff does not allege that Defendant Lewis was directly responsible for the receipt or delivery of prison mail or played any part in the decision to reject delivery of the package from Plaintiff's mother. Instead, Plaintiff merely states that Lewis, as the Director of the Division of Prisons, is legally responsible for the

---

some of his manuscripts were missing and accuses MCI officials of stealing or destroying them before returning the package to his mother.

overall operation of each institution in the Division, including MCI.  However, the doctrine of *respondeat superior* generally does not apply in § 1983 claims.  <u>Monell v. Dep't of Soc. Services</u>, 436 U.S. 658, 694 (1978).

Finally, Plaintiff identifies Defendant Terrell as the individual who decided to reject the package at issue.  (Doc. No. 1 at 9).[3]  However, an exhibit to the Complaint states that the decision was made by Defendant Hergenrother.  (Doc. No. 1-1 at 10).  Therefore, the undersigned finds that both Defendants Terrell and Hergenrother should answer Plaintiff's Complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendants Brookshire, Faircloth, Corpening, and Lewis are dismissed and should be removed from the caption of this case; and

2. The Clerk of Court shall issue summons for Defendants Terrell and Hergenrother and deliver them forthwith to the U.S. Marshall who will make service of process without additional cost; and

3. Defendants Terrell and Hergenrother shall file an Answer to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

Signed: July 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[3]Unless otherwise indicated, the page numbers in docket citations are those assigned by CM/ECF, the Court's electronic filing system.